**2322-CC00706**

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| **TARA HAWKINS, individually and on behalf of all others similarly situated,** | |
| | **DEMAND FOR JURY TRIAL** |
| **Plaintiff,** | |
| | |
| **v.** | **Case No.** |
| | |
| **SSM HEALTH CARE CORP. d/b/a SSM HEALTH,** | |
| | |
| **SERVE AT:** C T CORPORATION SYSTEM 120 S. Central Ave. Clayton, MO 63105 | |
| | |
| **and** | |
| | |
| **SSM-SLUH, INC. d/b/a SSM HEALTH ST. LOUIS UNIVERSITY HOSPITAL** | |
| | |
| **SERVE AT:** C T CORPORATION SYSTEM 120 S. Central Ave. Clayton, MO 63105 | |
| | |
| **and** | |
| | |
| **SSM HEALTH CARE ST. LOUIS d/b/a SSM HEALTH ST. MARY'S HOSPITAL – ST. LOUIS** | |
| | |
| **SERVE AT:** C T CORPORATION SYSTEM 120 S. Central Ave. Clayton, MO 63105 | |
| | |
| **Defendants.** | |

## <u>CLASS ACTION COMPLAINT</u>

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

Plaintiff Tara Hawkins ("Plaintiff"), individually and on behalf of the class of persons preliminarily defined below ("Class Members"), make the following allegations based upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

## I.    NATURE OF THE ACTION

1.    Plaintiff Tara Hawkins brings this Complaint against Defendants SSM HEALTH CARE CORP. d/b/a SSM HEALTH, SSM-SLUH, Inc. d/b/a SSM Health St. Louis University Hospital, and SSM HEALTH CARE ST. LOUIS d/b/a SSM Health St. Mary's Hospital – St. Louis (hereinafter collectively referred to as "Defendants"), which operate numerous hospitals and emergency rooms in the State of Missouri, including Defendants SSM Health St. Louis University Hospital and SSM Health St. Mary's Hospital – St. Louis, which provided emergency care to Plaintiff and other similarly situated patients.

2.    In this action, Plaintiff challenges Defendants' unfair, deceptive, and unlawful practice of charging its emergency care patients a substantial undisclosed emergency room visitation fee (hereinafter the "Visitation Fee").

3.    The Visitation Fee is billed on top of the charges for the individual items of treatment and services provided but is not disclosed in advance of treatment and is effectively concealed from a patient presenting at one of Defendants' emergency rooms.

4.    This action is limited to individuals who were provided emergency care after presenting at an emergency room facility operated by Defendants or one of its affiliates during the last five years.

## II.    PARTIES

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

5.     Plaintiff Tara Hawkins is a citizen and resident of the City of St. Louis in the State of Missouri, who treated at Defendants' emergency room in St. Louis, Missouri.

6.     Defendant SSM Health Care Corporation ("SSM Health") is a Missouri non-profit corporation with its principal place of business at 3 Cityplace Dr., Suite 700, Saint Louis, MO, 63141.  Among other things, Defendant SSM Health and its affiliates provide emergency services to patients, including Plaintiff and members of the proposed class.

7.     Defendant SSM-SLUH, Inc. d/b/a SSM Health St. Louis University Hospital ("SLU Hospital") is a Missouri non-profit corporation, operates a hospital and emergency room at 1201 S. Grand Blvd., St. Louis, MO 63104, and has its principal place of business at 10101 Woodfield Lane, St. Louis, MO 63132.

8.     Defendant SSM Health Care St. Louis d/b/a SSM Health St. Mary's Hospital – St. Louis ("St. Mary's Hospital") is a Missouri non-profit corporation, operates a hospital and emergency room at 6420 Clayton Road, St. Louis, MO 63117, and has its principal place of business at 10101 Woodfield Lane, St. Louis, MO 63132.

9.     Plaintiff is informed and believes, and thereon alleges, that Defendants own, operate, and/or provide management and billing services to said SLU Hospital and to other SSM Health-affiliated hospitals and emergency facilities.

### III.     JURISDICTION AND VENUE

10.     This Court has personal jurisdiction over Defendants. All facts giving rise to this action occurred in the State of Missouri, and at all times relevant to this matter, Defendants engaged in and carried on a business venture in Missouri, maintained offices in Missouri, and maintained its principal office in Missouri. Plaintiff's injuries occurred in Missouri and arose out of the acts and omissions that occurred in the State of Missouri.

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

11.     Defendants regularly and systematically conduct business and bill or charge patients to whom they provide medical emergency services, including Plaintiff and members of the putative class, in the City of St. Louis. As such, Defendants are subject to the jurisdiction of this Court.

12.     Venue is likewise proper in the City of St. Louis pursuant to RSMo § 508.010.4.

### IV.     BACKGROUND FACTS

13.     At all relevant times, patients presented to Defendants' emergency room for medical services and received medical bills for such services rendered by Defendants. However, Defendants wholly failed to describe, mention, or otherwise inform emergency care patients of Defendants' intention to add separate surprise visitation fees (the "Visitation Fee") to patients' bills and did not establish any agreements or promises for emergency room patients to pay separate Visitation Fees for their visit.

14.     Further, upon information and belief, neither Defendants' intention to add a Visitation Fee to the total charges for the visit, nor the amounts of such Visitation Fees, nor the manner in which the facility fee levels and amounts would be determined, were ever disclosed in any manner.

15.     By way of background, the Visitation Fees are unlike the individual billable items of treatment or care provided to an individual patient, such as imaging services, laboratory services, sterile supplies, drugs, or any of the other numerous items or procedures which are separately charged. The Visitation Fee is uniformly assessed for presenting and being seen at Defendants' emergency rooms.

16.     Additionally, the Visitation Fee is determined after discharge based on five fixed levels, with the level of the charge being based on criteria unknown and undisclosed to patients.

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

17.     The Visitation Fee is a separate, distinct charge imposed on top of the "total charges," or other individual billable charges for services rendered to each individual patient.  The total charges for a hospital visit are calculated by adding up all the individual "standard charges" for items of service or treatment provided during the hospital visit. The "standard charges" for each item of service or treatment are listed, pursuant to regulations, in a hospital's Charge Description Master ("Chargemaster") which is a lengthy list of code identifiers, descriptors, and charges for each billable item of service or treatment which the hospital offers to patients.

18.     Notably, while regulations require hospitals to list their "standard charges" online, the inclusion of these fees in a hospital's Chargemaster list of standard charges does not adequately inform patients that a substantial Visitation Fee will be added to their total charges simply as a result of being seen in one of Defendants' emergency rooms, since a Chargemaster, by definition, is merely a list of a hospital's "standard charges" for the services it offers.

19.     Most importantly, nowhere on SSM Heath's website does it provide any disclosure of emergency room fees, particularly, the Visitation Fee. [1]

20.     On its website, SSM Health has a "Price Transparency" page with links to a webpage will all the SSM Health locations that shows the "Shoppable Services".  Emergency room fees are not listed in the Shoppable Services link.

21.     Additionally, The Price Transparency page also provides links to "Machine Readable Files" which is where the standard charges lists are kept for each SSM Health location. Upon clicking on the SLU Hospital link and downloading the standard charges PDF, pop-up

---

[1]    https://www.ssmhealth.com/resources/pay-my-bill/price-estimate/price-transparency-disclaimer/price-transparency

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

error messages, as pasted below, come on the screen. The PDF document, or Chargemaster, is

unviewable.[2]



A pop-up error message displayed across multiple attempts to open the attachment using a variety

of computer applications.



_____

[2] *Id.*

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM



22.     Likewise, clicking on the SSM Health St. Mary's Hospital link and attempting to

download the standard charges PDF results in similar pop-up error messages, as pasted below.[3]



<hr />

[3] *Id.*

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM



23.    As such, SSM Health is in violation of state and federal regulations that require it to be transparent about prices and to avoid surprise billing its patients because no patient is able to access its "machine readable" chargemaster. *See* 45 CFR § 180.50; Mo. Ann. Stat. § 191.905; and Mo. Rev. Stat. § 407.020.

24.    Moreover, the failure to disclose the Visitation Fee is particularly egregious in light of the fact that Defendants represent themselves as providing care and help to patients in the community. The high cost of medical services is a matter of great public concern, and emergency care patients have a right to be informed of a Visitation Fee before it is incurred. Unlike a normal arms-length transaction between a buyer and seller, a patient seeking medical services at one of Defendants' emergency rooms places a greater degree of trust and confidence on the good intentions of the hospital to treat him or her fairly, up to and including through Defendants' billing practices.

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

25.    In making decisions regarding medical services, patients are owed, under the law, price transparency and informed consent.

26.    Emergency care patients have no obligation to pay a Visitation Fee that is not described, mentioned, or agreed to in advance of hospital services being rendered to them at an Emergency Room. Defendants have a legal duty to disclose their intention to bill a Visitation Fee as part of the total charges for an emergency room visit, because the Visitation Fee is substantial, Defendants systematically bill the Visitation Fee for each such visit, and very few patients are aware of this Visitation Fee and have no reasonable way of knowing about it.

### V.    FACTS SPECIFIC TO PLAINTIFF TARA HAWKINS

27.    As set forth in more detail below, Plaintiff Tara Hawkins presented to SLU Hospital's emergency room on several occasions, including on or about June 26, 2018, July 1, 2018, and January 1, 2020.  Upon information and belief, not only was Plaintiff charged surprise Visitation Fees, but she was also inconsistently charged with Visitation Fees that significantly fluctuated for reasons undisclosed, concealed, and otherwise unknown to Plaintiff.

28.    On or about June 26, 2018, Plaintiff presented to SLU Hospital's emergency room for treatment/services, and Defendants subsequently sent or caused to be sent to Plaintiff a summary bill showing the "Total Charges" of $ 4,843.19. The Total Charges included a Visitation Fee of $2,513.20, which was not described or mentioned by Defendants and was not otherwise disclosed to Plaintiff, and which Plaintiff did not promise or agree to pay.

29.    On or about July 1, 2018, Plaintiff presented to St. Mary's Hospital's emergency room for treatment/services, and Defendants subsequently sent or caused to be sent to Plaintiff a summary bill showing the Total Charges of $508.60. The Total Charges included a Visitation Fee

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

of $496.00, which was not described or mentioned by Defendants and was not otherwise disclosed to Plaintiff, and which Plaintiff did not promise or agree to pay.

30.    On or about January 1, 2020, Plaintiff again presented to St. Mary's Hospital's emergency room for treatment/services, and Defendants subsequently sent or caused to be sent to Plaintiff a summary bill showing the Total Charges of $1,342.10. The Total Charges included a Visitation Fee of $964.00, which was not described or mentioned by Defendants and was not otherwise disclosed to Plaintiff, and which Plaintiff did not promise or agree to pay.

31.    The Visitation Fees listed above were not described or mentioned by Defendants, was not verbally disclosed to Plaintiff at the time she received treatment at Defendants' emergency room (or at any other time), was not posted on signage in Defendants' emergency room, and which Plaintiff did not promise or agree to pay.

32.    Additionally, the Visitation Fees listed above account for more than fifty percent (50%) of the total amount billed to Plaintiff.

33.    Plaintiff was shocked, dismayed, and aggrieved when she found out that she had been charged substantial, significantly ranging, and undisclosed Visitation Fees that she never agreed to pay.

## VI.    CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this action individually and as a class action on behalf of herself and the following proposed Class:

> All citizens of Missouri who, during the applicable statute of limitations, were patients who received treatment at any of Defendants' emergency room facilities located in Missouri, and who were charged an emergency room fee which was billed in addition to the charges for the individual items of treatment and services provided (the "Class").

Plaintiff reserves the right to modify or amend the definition of the Class as this litigation proceeds.

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

35.     Excluded from the Class are Defendants, their parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant SSM Health has a controlling interest, all individuals who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

36.     This action is properly maintainable and certifiable as a class action under Rule 52.08.

37.     *Numerosity*: The number of members of the proposed Class is so numerous that individual joinder of all members is impracticable. The exact number and identities of the members of the proposed Class is unknown at this time and can be ascertained only through appropriate discovery. Plaintiff estimates the number of members in the Class to be in the thousands.

38.     *Commonality*: There are many questions of law and fact common to Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of law and fact include:

a.     Whether Defendants' uniform practice of billing emergency room patients a substantial, totally undisclosed and hidden Visitation Fee is unfair, deceptive, and/or unlawful;

b.     Whether Defendants are entitled to bill emergency room patients a Visitation Fee without prior notice to the patients of their intention to do so;

c.     Whether Plaintiff and other members of the Class have sustained damages as a result of Defendants' unfair, deceptive, and/or unlawful billing of substantial and undisclosed fees;

d.     Whether Defendants violated Missouri's Merchandising Practices Act;

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

e.      Whether Defendants were unjustly enriched by its unfair, deceptive, and/or unlawful billing of substantial and undisclosed fees;

f.      Whether injunctive, declaratory, and/or other equitable relief is warranted pursuant to the Missouri's Merchandising Practices Act;

g.      Whether Plaintiff and the Class are entitled to an award of punitive damages and attorneys' fees as permitted by the Missouri's Merchandising Practices Act;

h.      The proper method or methods by which to measure damages; and

i.      The declaratory and injunctive relief to which the Class are entitled.

39.     *Typicality*: Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class have been similarly affected by Defendants' actions.

40.     *Adequacy of Representation*: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex and consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.

41.     *Predominance*: The questions of law and fact common to the Class as set forth in the "commonality" allegation above predominate over any individual issues. As such, the "commonality" allegations are restated and incorporated herein by reference.

42.     *Appropriateness/Superiority*: Plaintiff and the members of the Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members.

43.    This proposed class action does not present any unique management difficulties.

44.    All conditions precedent to bringing this action have been satisfied and/or waived.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Violations of the Missouri Merchandising Practices Act**
**("MMPA"), Mo. Rev. Stat. § 407.020, *et seq.***
**(On Behalf of Plaintiff and the Class)**

45.    Plaintiff incorporates by reference the preceding paragraphs.

46.    The MMPA provides that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any in trade or commerce… in or from the state of Missouri, is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020.

47.    Missouri state regulations define unfair practice, as used in the MMPA, as the following:

(1) An unfair practice is any practice which-
(A) Either-
1. Offends any public policy as it has been established by the Constitution, statutes or common law of this state, or by the Federal Trade Commission, or its interpretive decision; or
2. Is unethical, oppressive, or unscrupulous; and (B) presents a risk of, or causes, substantial injury to consumers.

Mo. Code Regs. tit. 15, § 60-8.020.

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

48.     Pursuant to the MMPA, Defendants have a duty not to engage in any unethical or unfair practice in connection with their medical billing practices as they provide emergency medical services to the public.

49.     As set forth above, Defendants knew or should have known that they were charging a Visitation Fee without providing any notice to Plaintiff and the Class. At a minimum, Defendants omitted material facts by not disclosing to Plaintiff and the Class at the time of admission to the emergency room: (a) that the medical bill would include an excessive amount for simply visiting the emergency room; (b) that the amount substantially changes; and (c) that there is an unknown and hidden analysis of calculating such amount.

50.     Defendants' omissions and nondisclosures of the above stated facts constituted a failure to disclose material facts that were known to it. Defendants' medical billing practice is unethical, oppressive, and unscrupulous. Such unethical billing practices has caused and continues to cause substantial injury to Plaintiff and other Class members.

51.     The aforesaid unfair acts occurred in the course of conduct involving trade and commerce as they arose out of the business aspect of Defendants' medical billing practice and not the actual practice of medicine.

52.     Plaintiff visited Defendants' emergency room and suffered an ascertainable loss of money because of Defendants' nondisclosure of Visitation Fees in violation of the MMPA and for billing those Visitation Fees to Plaintiff.

53.     Additionally, Defendants violated Mo. Rev. Stat. § 191.905(3) and Mo. Rev. Stat. § 191.905(4) which state:

1. No health care provider shall knowingly make or cause to be made false statement or false representation of a material fact in order to receive a health care payment including but not limited to:

(3) Knowingly concealing or failing to disclose any information with the intent to obtain a health care payment to which the health care provider or any other health care provider is not entitled, or to obtain a health care payment in an amount greater than that which the health care provider or any other health care provider is entitled;

(4) Knowingly presenting a claim to a health care payer that falsely indicates that any particular health care was provided to a person or persons, if in fact health care of lesser value than that described in the claim was provided."

As alleged above, the Visitation Fees are in addition to the actual medical services provided to Plaintiff and members of the Class.

54.    At all times relevant to this matter, Plaintiff and Class Members acted as reasonable consumers.

55.    As a result of Defendants' past, present and future unfair and deceptive business practices with its surprise fee medical billing, Defendants have monetarily profited, and Plaintiff and the members of the Class have been monetarily damaged and are likely to be continuously damaged by Defendants' aforesaid acts.

56.    Defendants' conduct as aforesaid was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

57.    As a result of Defendants' willful unfair and deceptive business practices under Missouri law, Plaintiff and the Class are entitled to recover their costs and attorneys' fees.

58.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

### SECOND CAUSE OF ACTION AGAINSR ALL DEFENDANTS
**Negligence Per Se**
**(On Behalf of the Plaintiff and the Class)**

59.    Plaintiff incorporates by reference the preceding paragraphs.

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

60.     A claimant may proceed on a negligence per se claim if the following four elements are met: (1) There was, in fact, a violation of the statute; (2) The injured plaintiff was a member of the class of persons intended to be protected by the statute; (3) The injury complained of was of the kind the statute was designed to prevent; and (4) The violation of the statute was the proximate cause of the injury.

61.     Plaintiff and Class Members are consumers and patients of Defendants' emergency rooms, and as such, are within the class for whose benefit the price transparency rules were enacted, including but not limited to Mo. Ann. Stat. § 191.905 and 42 C.F.R. § 180.50 (the "Price Transparency Laws").

62.     In accordance with Mo. Ann. Stat. § 191.905, Defendants are prohibited from making false statements of false representations of material fact in order to receive a healthcare payment.

63.     Further, in accordance with the federal price transparency laws, including 45 C.F.R. § 180.50, Defendants are required to "establish, update, and make public a list of all standard charges for all items and services online in the form and manner specified in this section." 45 C.F.R. § 180.50(a)(1).  "Each hospital location operating under a single hospital license (or approval) that has a different set of standard charges than the other location(s) operating under the same hospital license (or approval) must separately make public the standard charges applicable to that location." 45 C.F.R. § 180.50(a)(2).

64.     The form and manner of the standard charges is set forth in 45 C.F.R. § 180.50(c) which provides that the "standard charge information must be displayed in a prominent manner and clearly identified with the hospital location with which the standard charge information is associated." 45 C.F.R. § 180.50(c)(2).  Defendants must also "ensure that the standard charge

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

information is easily accessible, without barriers, including but limited to ensuring the information is accessible: (i) Free of charge…; and (iv) To automated searches and direct file downloads through a link posted on a publicly available website." 45 C.F.R. § 180.50(c)(3).

65.    Here, Defendants have violated the Price Transparency Laws by, including but not limited to, failing to:

   a.    Create and establish a user-friendly standard charge list, including one that is readable, discernable, and comprehensive;

   b.    Create and establish a standard charge list that is simple and clear;

   c.    Create and establish a standard charge list for each location owned and operated by Defendant SSM HEALTH CARE CORP. d/b/a SSM HEALTH, including Defendants SSM-SLUH, Inc. d/b/a SSM Health St. Louis University Hospital, and SSM HEALTH CARE ST. LOUIS d/b/a SSM Health St. Mary's Hospital – St. Louis, where Plaintiff and Class Members presented to the emergency room.

   d.    Create and establish a standard charge list that is easily accessible and without barriers, including being able to download the standard charges and search within such document; and

   e.    Any other acts of negligence that may be proven at trial.

66.    Plaintiff and Class Members were injured as a proximate result of Defendants' negligence per se. Defendants have collected, or attempted to collect, a sum of money for the Visitation Fee, aside and apart from medical services actually rendered.

67.    Specifically, Plaintiff Tara Hawkins was sent a bill with a Visitation Fee that was over 50% of the Total Charges billed and paid the bill.

68.    Plaintiff and Class Members have been aggrieved by Defendants' breach of their duty, have suffered irreparable harm, and are entitled to damages for the breach of such legal duty.

69.    Because Defendants have engaged in the acts and practice describe above, Defendants have violated the law as alleged in this Complaint and unless restrained by this

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

Honorable Court, Defendant will continue to violate Missouri state law and federal law, and will cause injury, loss and damage to the Plaintiffs, and all others so similarly situated.

70.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

<u>**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**</u>
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

71.    Plaintiff incorporates by reference the preceding paragraphs.

72.    Defendants are liable for unjustly enriching themselves at the expense of Plaintiff and the Class.

73.    Plaintiff and the Class members conferred a monetary benefit on Defendants when they chose to be treated at Defendant's emergency room and were billed for and/or paid for medical services plus the Visitation Fees.

74.    As set forth above, Defendants knowingly concealed material facts in connection with their medical billing practices, when they charged its patients surprise and undisclosed Visitation Fees.

75.    Defendants have continued to charge Plaintiff and Class members a Visitation Fee, and as set forth above, significantly increased the amount of such Fee without disclosing the reasoning for such increase to Plaintiff and Class members.

76.    As a result, Defendants are unjustly enriched at the expense of Plaintiff and the Class.

77.    Under principles of equity and good conscience, Defendants should not be permitted to retain the money belonging to Plaintiff and the Class that Defendants gained through deceptive and fraudulent material omissions in connection with their medical billing practices.

78.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class members were charged a substantial Visitation Fee for each time they visited Defendants' emergency rooms, without being told of such Fee.

79.     Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts Defendants have retained as a result of the unlawful and/or wrongful conduct alleged herein.

80.     WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Declaratory Relief**
**(On Behalf of Plaintiff and the Class)**

81.     Plaintiff incorporates by reference the preceding paragraphs.

82.     A justiciable controversy exists between Defendants and Plaintiff and the Class members.

83.     Plaintiff and members of the Class are entitled to a declaration that Defendants' practice of charging undisclosed emergency room facility fees, in addition to the charges for specific services and treatments provided, is a deceptive and unfair billing practice.

84.     Plaintiff and members of the Class are entitled to a further declaration that Defendants owed Plaintiff and Class Members a duty to disclose its intention to charge a Visitation Fee, in advance of providing treatment that would trigger a Visitation Fee, because of (1) the substantial nature of Defendants' Visitation Fee; (2) the relationship between Defendants and their emergency room patients; (3) the hidden nature of Defendants' Visitation Fee; (4) the general lack of knowledge of emergency room patients as to Defendants' intent to bill them such a Visitation Fee; (5) the lack of reasonable opportunity for an emergency room patient to find out about such

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

a Visitation Fee; and (6) Defendants are aware that a typical emergency room patient and/or reasonable consumer is not aware of their intention to add a Visitation Fee to the patient's bill.

85.    The declarations above are necessary and appropriate since Plaintiff and the Class have been impacted financially by Defendants' excessive, undisclosed Visitation Fees. Plaintiff and Class Members have been billed these fees and owe this debt to Defendants. Even for those patients whose Visitations Fees has not yet been paid, they should not have to wait until collection efforts are underway, or their credit is ruined by negative credit entries, or lawsuits are instituted by Defendants, before obtaining a legal determination of their obligations with respect to Defendants' Visitation Fees.

86.    Plaintiff is also entitled to declaratory relief to prohibit Defendants from continuing to charge undisclosed Visitation Fees, and from pursuing existing collection activity for such undisclosed Visitation Fees.

87.    WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully request that the Court:

a.    Certify for this matter to proceed as a class action;

b.    Award Plaintiff and the Class statutory, actual, and punitive damages in an amount to be proven at trial;

c.    Award Plaintiff and the Class restitution in an amount to be proven at trial;

d.    Award Plaintiff and the Class pre- and post-judgment interest in the amount permitted by law;

e.    Award Plaintiff and the Class attorneys' fees and costs as permitted by law;

f.    Enjoin Defendants from engaging in the practices outlined herein;

g.    Grant the declarations prayed for herein;

h.    Grant Plaintiff and the Class a trial by jury;

i.    Grant leave to amend these pleadings to conform to evidence produced at trial; and

j.    Grant such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, by counsel, demands trial by jury.

Respectfully submitted,

Dated: April 10, 2023

/s/ John F. Garvey
John F. Garvey (#35879)
Colleen Garvey (#72809)
Ellen A. Thomas (#73043)
STRANCH, JENNINGS &
GARVEY, PLLC
701 Market Street, Suite 1510
St. Louis, Missouri 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com
ethomas@stranchlaw.com

Lynn A. Toops*
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Phone: (317) 636-6481
ltoops@cohenandmalad.com

J. Gerard Stranch, IV*
STRANCH, JENNINGS &
GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200

Electronically Filed - City of St. Louis - April 10, 2023 - 05:39 PM

Nashville, Tennessee 37203
Phone: (615) 254-8801
gstranch@stranchlaw.com

Christopher D. Jennings*
JOHNSON FIRM
610 President Clinton Avenue, Suite 300
Little Rock, Arkansas 72201
Phone: (501) 372-1300
Fax: (888) 505-0909
chris@yourattorney.com

* *Pro Hac Vice* forthcoming

***Counsel for Plaintiff and the Proposed
Plaintiff Class***