**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TARA HAWKINS, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) SSM HEALTH CARE CORP., et al., ) ) Defendants. ) | No. 4:23-CV-633 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Tara Hawkins's Motion to Remand for Lack of Subject Matter Jurisdiction. (ECF No. 15). Defendants oppose the motion and it is ready for disposition. The Court will deny the motion for the reasons below.

### Background

Plaintiff filed this putative class action on April 10, 2023, in the Circuit Court for the City of St. Louis, Missouri. (ECF No. 7). The complaint stems from Defendants' alleged practice of charging emergency-room patients a surprise "Visitation Fee" without first informing them of the fee or obtaining their consent. *Id.* at ¶¶ 13-26. Plaintiff asserts three causes of action against Defendants: (1) violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, *et seq.*, (2) negligence per se, and (3) unjust enrichment. *Id.* at ¶¶ 45-80. Plaintiff seeks monetary damages and declaratory relief. *Id.* at ¶¶ 81-87.

Defendants removed the action to this Court on May 11, 2023, asserting that the matter presents a substantial federal question. (ECF No. 1 at ¶12). Plaintiff now seeks remand on the basis that the Court lacks subject matter jurisdiction. (ECF No. 15).

**Legal Standard**

A claim may be removed to federal court only if it could have been brought there originally. *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citation omitted). Federal courts have original jurisdiction over all civil actions "arising under" federal law. *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (citing 28 U.S.C. § 1331) (quotation marks omitted). Whether a claim "arises under" federal law depends on the contents of the well-pleaded complaint. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Most commonly, a plaintiff invokes federal-question jurisdiction by explicitly asserting a federal cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). But a plaintiff may also invoke federal-question jurisdiction if her right to relief necessarily depends on the resolution of a substantial question of federal law, even if the complaint itself references no federal causes of action. *Great Lakes*, 843 F.3d at 329 (citing *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)).

To determine whether a case fits within this "special and small category," the Court must determine whether a state-law claim necessarily raises a federal issue that is "actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citing *Grable*, 545 U.S. at 314). Put another way, a state-law claim may invoke federal-question jurisdiction if: (1) it necessarily raises a federal issue; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) a federal forum may entertain the state-law claim without upsetting the balance of federal and state judicial responsibilities. *Mitchell v. Marriott Int'l Inc*, No. 4:17-CV-1801

RLW, 2017 WL 5633111, at *2 (E.D. Mo. Nov. 21, 2017) (cleaned up). The burden of proving all jurisdictional facts is on the party asserting jurisdiction, (*McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936)), and all doubts about jurisdiction should be resolved in favor of remand. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

## Discussion

As stated above, Plaintiff brings three causes of action against Defendants: (1) violations of the MMPA, (2) negligence per se, and (3) unjust enrichment. *Id*. at ¶¶ 45-80. In their Notice of Removal, Defendants argue that federal-question jurisdiction exists because Plaintiff's claims require the interpretation and application of federal law. (ECF No. 1 at ¶ 20). Plaintiff disagrees and moves for remand. (ECF No. 15). The Court will begin and end its inquiry with Plaintiff's claim of negligence per se.

Under Missouri law, to establish that Defendants are liable for negligence per se, Plaintiff must prove: (1) Defendants violated an applicable law or regulation; (2) Plaintiff was a member of the class of persons intended to be protected by the statute; (3) the injury was of the kind the statute was designed to prevent; and (4) the violation of the statute or regulation was the proximate cause of the injury. *Sill v. Burlington N. R.R.*, 87 S.W.3d 386, 392 (Mo. Ct. App. 2002). The Court need not address the plausibility of Plaintiff's claim at this juncture. At issue here is whether this claim—particularly its first element—invokes a federal issue such that this Court may exercise federal-question jurisdiction over this matter. The Court finds that it does.

Plaintiff asserts that Defendants' practice of charging "Visitation Fees" violates Mo. Rev Stat. § 191.905 and 42 C.F.R. § 180.50, which Plaintiff refers to collectively as "the Price Transparency Laws." (ECF No. 7 at ¶¶61-64). Section 191.905 is part of the Missouri Health Care

3

Payment Fraud and Abuse Act and makes it illegal for a health care provider to knowingly make or cause to be made a false statement or false representation of material fact to receive a health care payment. Mo. Rev. Stat. § 191.905; *State v. Spilton*, 315 S.W.3d 350, 353 (Mo. Ct. App. 2010). As Defendants argue—and Plaintiff does not contest—§ 191.905 is inapposite here because it only applies to fraud of Missouri's Medicaid program. *See* § 191.900(4) (defining "health care" as services related to a medical assistance program); and § 191.900(9) (defining "medical assistance program" as "MO HealthNet, or any program to provide or finance health care to participants which is established pursuant to title 42 of the United States Code, any successor federal health insurance program, or a waiver granted thereunder."). This is not a Medicaid fraud case.

Because § 191.905 is inapplicable here, the only remaining basis for Plaintiff's claim is 42 C.F.R. § 180.50, a federal regulation that Plaintiff invokes throughout her complaint. Thus, even though negligence per se is a state-law claim, Plaintiff's right to relief "necessarily depends on resolution of a substantial question of federal law." *Great Lakes*, 843 F.3d at 329 (citation and internal quotation marks omitted).

The Supreme Court's decision in *Grable & Sons* is instructive on the issue of whether a state-law claim requires the resolution of a substantial question of federal law. *Grable*, 545 U.S. 308. In that case, the Internal Revenue Service ("IRS") seized Grable's real property to satisfy a federal tax delinquency. *Id.* at 310. After Grable failed to satisfy its tax obligations, the IRS sold the property to Darue Engineering & Manufacturing. *Id.* at 310-11. Five years later, Grable brought a quiet title action against Darue in state court, arguing that Darue's title was invalid because Grable did not receive sufficient notice from the IRS of its seizure of Grable's property. *Id.* at 311.

4

The issue thus was whether the IRS complied with federal law relating to seizure of the property. *Id.*

Darue removed the action to federal court on the basis of federal-question jurisdiction. *Id.* The Supreme Court found that Darue was entitled to remove the action to federal court, explaining that the meaning of the federal statute relating to notice was an "essential element" of Grable's claim and that "the meaning of the federal statue [was] actually in dispute[.]" *Id.* at 315. The Court also found that the IRS had a "direct interest in the availability of a federal forum to vindicate its own administrative action" and that this particular scenario is uncommon enough that federal jurisdiction will not upset the balance of federal and state judicial responsibilities. *Id.*

The Eighth Circuit's decision in *Wullschleger* is also instructive and supports a finding in Defendants' favor. *Wullschleger*, 953 F.3d 519. In *Wullschleger*, buyers of prescription pet food filed a putative class action in state court alleging that the defendants violated the MMPA, Missouri antitrust law, and Missouri unjust enrichment law by deceiving customers into believing that the defendants' products were approved by the Food and Drug Administration ("FDA"). *Id.* On appeal, after the district court remanded the action for want of subject-matter jurisdiction, the Eighth Circuit reviewed the buyers' complaint and found that federal jurisdiction was proper: "[P]laintiffs explicitly claim that defendants violated the [Food Drug and Cosmetic Act], were noncompliant with FDA guidance, and that [defendants'] refusal to submit the prescription pet food to FDA review was improper." *Id.* at 522. The Eighth Circuit continued: "Plaintiffs' dependence on federal law permeates the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law." *Id.* The appellate court also determined that the buyers' prayer for relief invoked federal jurisdiction because it

5

sought injunctive and declaratory relief that required the interpretation and application of federal law. *Id.*

Here, Plaintiff explicitly invokes federal law throughout her complaint:

> 23. As such, SSM Health is in violation of state **and federal regulations** that require it to be transparent about prices and to avoid billing its patients because no patient is able to access its "machine readable" charemaster. *See* **45 C.F.R. § 180.50**; Mo. Ann. Stat. § 191.905; and Mo. Rev. Stat. § 407.020.
> . . .
> 61. Plaintiff and Class Members are consumers and patients of Defendants' emergency rooms, and as such, are within the class for whose benefit the price transparency rules were enacted, including but not limited to Mo. Ann. Stat. § 191.905 and **42 C.F.R. § 180.50** (the "Price Transparency Laws").
> . . .
>
> 63. Further, in accordance with **the federal price transparency laws**, including **45 C.F.R. § 180.50**, Defendants are required to "establish, update, and make public a list of all standard charges for all items and services online in the form and manner specified in this section." **45 C.F.R. § 180.50(a)(1)**. "Each hospital location operating under a single hospital license (or approval) that has a different set of standard charges than the other location(s) operating under the same hospital license (or approval) must separately make public the standard charges applicable to that location." **45 C.F.R. § 180.50(a)(2)**.
>
> 64. The form and manner of the standard charges is set forth in **45 C.F.R. § 180.50(c)** which provides that the "standard charge information must be displayed in a prominent manner and clearly identified with the hospital location with which the standard charge information is associated." **45 C.F.R. § 180.50(c)(2)**. Defendants must also "ensure that the standard charge information is easily accessible, without barriers, including but limited to ensuring the information is accessible: (i) Free of charge…; and (iv) To automated searches and direct file downloads through a link posted on a publicly available website." **45 C.F.R. § 180.50(c)(3)**.
> . . .
>
> 69. Because Defendants have engaged in the acts and practice describe above, Defendants have violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate Missouri state law **and federal law**, and will

6

>      cause injury, loss and damage to the Plaintiffs, and all others so
>      similarly situated.
>
>                                    . . .

(ECF No. 7) (emphasis added).

Despite her numerous citations to federal law throughout the complaint, Plaintiff argues that the federal issues are not "necessarily raised" because the Court could find in her favor solely based upon state law. Plaintiff relies on the district court's decision in *C.J. by and through Brady v. Truman Med. Ctr.* for the proposition that where a plaintiff alleges a violation of federal law merely as an alternative basis for a claim of negligence per se, adjudication of the claim will not necessarily require the application of federal law. (ECF No. 16 at 5) (citing *C.J. by & through Brady v. Truman Med. Ctr., Inc.*, No. 4:20-CV-00261-DGK, 2020 WL 3473651, at *2 (W.D. Mo. June 25, 2020)).

That is not the case here. As explained above, Plaintiff asserts that Defendants violated both state and federal law. But Mo. Rev. Stat. § 191.905 is not applicable in this case and cannot serve as a basis for Plaintiff's negligence-per-se claim.[1] Thus, Plaintiff's only avenue to relief is through 45 C.F.R. § 180.50, a federal regulation. The Court could not find in Plaintiff's favor without first interpreting and applying that regulation. For that reason, the Court finds that Plaintiff's complaint necessarily raises a federal issue.

Plaintiff next argues that the federal questions raised in the complaint are not substantial. (ECF No. 16 at 7). Plaintiff asserts that the case does not involve "nearly pure issues of law" such that its resolution would be dispositive of the case and controlling in other cases. *Id.* (citing

---

[1] Plaintiff's vague allusion to "price transparency laws" does not change the Court's analysis. Plaintiff explicitly invokes only one Missouri statute to support her negligence-per-se claim. Plaintiff—as master of her own complaint—could have included other state statutes if she intended to rely upon them.

7

*Mitchell v. Marriott Int'l Inc*., No. 4:17-CV-1801 RLW, 2017 WL 5633111, at *1 (E.D. Mo. Nov. 21, 2017)). But here too Plaintiff's argument ignores the fact that the Court will have to interpret and decide the negligence-per-se issue on its interpretation of federal law.[2] The question is essentially whether undisclosed "Visitation Fees" violate 45 C.F.R. § 180.50. The Court's interpretation of that federal regulation would be dispositive of that claim and would not upset the balance of federal and state judicial responsibilities because it is a federal question and is limited to a unique scenario. What is more, the federal issue is clearly in dispute—Defendants explicitly aver that their practice of charging "Visitation Fees" does not violate federal regulations.

Because Plaintiff's negligence-per-se claim involves a substantial federal question, the entire matter may be removed. *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009). The Court need not consider at this time whether Plaintiff's other claims invoke a substantial question of federal law. *Id.*

## Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. (ECF No. 15).

---

[2] The case at bar is also distinguishable from this Court's decision in *Mitchell v. Marriott International, Inc.*, which Plaintiff relies upon in her briefing. *Mitchell* involved an amended complaint with only a single reference to federal law. *Mitchell v. Marriott Int'l Inc*, No. 4:17-CV-1801 RLW, 2017 WL 5633111, at *1 (E.D. Mo. Nov. 21, 2017). More importantly, the Court found in that case that the state court could resolve Mitchell's claims without interpreting federal law. *Mitchell*, 2017 WL 5633111, at *1. As explained in this Memorandum and Order, that is not the situation here.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction is **DENIED**. (ECF No. 15).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings **is DENIED as moot**. (ECF No. 13).

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 6th day of July, 2023.